**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-01239-dd |
| Carolyn E. Johnson, | Chapter 13 |
| | **ORDER** |
| Debtor. | |

This matter is before the Court on Carolyn E. Johnson's ("Debtor") Objection to Claim of Santander Consumer USA, Inc. ("Objection"). Santander Consumer USA, Inc. ("Creditor") filed its proof of claim on July 12, 2010. Debtor filed her Objection on August 30, 2010. A hearing was held on November 15, 2010. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Debtor filed a chapter 13 voluntary petition on February 23, 2010. Debtor filed a proposed plan on March 9, 2010 and amended plans on March 12, 2010 and May 12, 2010. The May 12 plan was confirmed on June 3, 2010. Proofs of claim in Debtor's case were due by June 28, 2010. Creditor's claim was filed on July 12, 2010.

Debtor purchased a 2006 Chrysler Pacifica from Creditor on June 14, 2008. The total amount financed was $14,999.00, with 21.99% interest. Debtor agreed to repay the loan in 72 monthly installments of $376.78. A payment summary dated August 10, 2009 which Debtor attached to her Objection indicates that Debtor made 12 payments on the loan and lists the loan balance as $14,394.38. This summary also indicates that at that time, Debtor was behind on her payments. The past due amount is listed as $506.90, and late charges and fees are listed in the total amount of $76.50.

Creditor's claim provides that the amount it was owed at the time Debtor's case was filed was $17,053.16. The claim states that the amount of arrearage and other charges included in this amount is $4,128.92. Supporting documents, including the certificate of title and the sale contract for the vehicle, are attached to the proof of claim, but no additional detail regarding the value of the collateral or the amount of the claim is provided.

Debtor previously filed a chapter 13 case on September 7, 2009. That case was dismissed on February 12, 2010 for non-payment. In that case, Creditor filed a proof of claim on September 21, 2009. That claim indicated $14,679.96 was due on the date Debtor's chapter 13 case was filed. The amount of arrearage and other charges included in Creditor's secured claim is listed at $1,005.68. The trustee's final report in this case establishes that no payments were made on this claim by the chapter 13 trustee, with the exception of a $15 interest payment.

Debtor testified that she needs the vehicle because she is in a wheelchair, and an SUV is the only type of vehicle she is able to use for transportation. Debtor's Objection stated that if Creditor's claim is allowed in the full amount, Debtor's plan payments will have to increase to an amount that she can likely not afford. Debtor's current plan, which was confirmed June 3, 2010, proposes to pay Creditor $280.00 per month, with 5.25% interest, until Creditor's allowed secured claim is paid in full.

## CONCLUSIONS OF LAW

A proof of claim properly filed in a debtor's bankruptcy case is presumed to be prima facie valid. *See* Fed. R. Bankr. P. 3001(f). However, in order to be entitled to this presumption, the party asserting the claim must provide sufficient documentation to support its claim. *In re Deep River Warehouse, Inc.*, No. 04-52749, 2005 WL 1513123, at *2 (Bankr. M.D.N.C. June 22, 2005) (citing *Stancill v. Hartford Sands, Inc.*, 372 F.3d 637, 640 (4th Cir. 2004); *In re Carrazco*,

No. 02-52925, 2003 WL 22231720, at *4 (Bankr. M.D.N.C. Sept. 26, 2003)); *In re Armstrong Finishing, LLC*, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992)). If sufficient facts are alleged by the claimant, the debtor has the burden of proof to overcome the presumption of validity of the claim. *Stancill v. Harford Sands, Inc.*, 372 F.3d 637, 640 (4th Cir. 2004) (citing Fed. R. Bankr. P. 9017; Fed. R. Evid. 301; 4 *Collier on Bankruptcy* ¶ 502.01 (15th ed. 2004)); *Deep River*, 2005 WL 1513123, at *2 (citing *Stancill v. Hartford Sands, Inc.*, 372 F.3d 637, 640 (4th Cir. 2004); *In re Carrazco*, No. 02-52925, 2003 WL 22231720, at *4 (Bankr. M.D.N.C. Sept. 26, 2003)). The debtor is only required to present evidence sufficient to rebut the presumption of validity; the debtor does not have to actually disprove the claim. *Deep River*, 2005 WL 1513123, at *2 (citations omitted). Once the debtor satisfies this burden, the claimant then has the burden of proving its claim is valid by a preponderance of the evidence. *Stancill*, 373 F.3d at 640.

In the present case, Creditor provided sufficient documentation to be entitled to a presumption of validity as to its claim. Creditor attached to its proof of claim a certificate of title for the vehicle and the sales contract between Debtor and Creditor. These documents established the purchaser of the vehicle and the terms of the purchase, including the purchase price and interest rate. Because this was sufficient to support Creditor's claim, the burden of proof shifted to Debtor to rebut the presumption of validity as to Creditor's claim.

At the hearing on Debtor's Objection, Debtor testified that in her previous case, Creditor filed a proof of claim indicating the amount due as of September 2009 was $14,679.96. That case was dismissed in February 2010, less than two weeks before Debtor filed the current case. Debtor stated that she was never notified by Creditor of any additional charges and that she

relied on the amount Creditor provided to her in the previous case in proposing her plan and determining what payments were required and how much she could afford to pay.

The Court recognizes that the increase in the amount of Creditor's claim from the previous case may very well be due to interest, late charges, or other fees. However, Debtor has presented sufficient argument to call into question the validity of the amount of Creditor's claim.[1] The Court is not convinced that the amount Debtor scheduled as the debt due Creditor is accurate, as it is less than the balance owed in the previous case and no payments were made in that case. The Court finds that Creditor's failure to attach any detail supporting the amount of its claim necessitates additional information.

## CONCLUSION

Creditor must provide additional detail supporting the amount of its claim within fifteen (15) days from the date of entry of this Order. If Creditor fails to do so, Creditor's claim will be allowed and paid in the amount provided in Debtor's plan.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**11/19/2010**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 11/19/2010

---

[1] The Court notes that Creditor's proof of claim was filed two weeks after the deadline for filing proofs of claim in Debtor's case. Additionally, Creditor filed no objection to confirmation of Debtor's plan, even though the plan proposed to pay Creditor far less than Creditor alleges it is owed. While Creditor may rely on the prima facie validity of its claim, once an objection to the amount of its claim is filed, Creditor must come forward with a breakdown of the calculation of the amount it claims as due.